## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-294-JHP |
| ) | |
| 1.  CITY OF HAILEYVILLE, a municipal ) | |
|     corporation and political subdivision; ) | |
| 2.  RONNIE STEUDEMAN, individually; ) | |
| 3.  PITTSBURG COUNTY SHERRIFF'S ) | |
|     DEPARTMENT; ) | |
| 4.  JIM BOB MILLER; ) | |
| 5.  BILL LADEN; ) | |
| 6.  JAMES BLAND; ) | |
| 7.  HARRISON LAW FIRM; ) | |
| 8.  ALLEN E. MITCHELL; ) | |
| 9.  TIM MAXCEY; ) | |
| 10. STIPE LAW FIRM; ) | |
| 11. MCALESTER REGIONAL HEALTH ) | |
|     CENTER; ) | |
| 12. CITY OF HARTSHORNE, a municipal ) | |
|     corporation and political subdivision; and ) | |
| 13. BRENDAN M. MCHUGH, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This case concerns Plaintiff's alleged dealings with local law enforcement and what he believes is a conspiratorial system. Plaintiff is currently *pro se*, his attorney having since withdrawn from representation. Before this Court are sixteen motions filed by Plaintiff and nine Defendants [Doc. Nos. 24, 29, 31, 34, 36, 37, 38, 42, 46, 47, 49, 50, 51, 58, 59, and 63]. In the interest of efficiency, the Court will address each of the pending motions in this Opinion and Order.

I. BACKGROUND

Plaintiff William H. Wade ("Plaintiff"), through his former counsel of record, filed his original Complaint on July 28, 2014, against Defendants City of Haileyville and Ronnie Steudeman. [Doc. No. 3]. On August 21, 2014, Plaintiff himself (not his attorney) filed a handwritten First Amended Complaint, adding eleven defendants and numerous allegations. [Doc. No. 8]. Plaintiff's attorney, Brendan McHugh, then moved to withdraw as counsel for Plaintiff, which this Court granted on October 9, 2014. On December 29, 2014, Plaintiff, now acting *pro se*, filed a Second Amended Complaint without leave of this Court or written consent, seeking to add his former attorney as a defendant. [Doc. No. 26]. On March 30, 2015, Plaintiff unilaterally filed a Third Amended Complaint. [Doc. No. 45]. On April 7, 2015, Plaintiff filed a "Notice of Conspiracy to Commit Murder." [Doc. No. 48].

All Defendants who have entered an appearance in this matter have filed motions to dismiss the allegations against them.[1] [Doc. Nos. 29, 34, 36, 37, 42, 50]. The four remaining Defendants—Jim Bob Miller, Bill Laden, James Bland, and City of Hartshorne—have not entered an appearance and apparently have not been served with a summons and complaint in this matter, as discussed below in further detail. Defendant Brendan McHugh has moved to strike Plaintiff's Second Amended Complaint, [Doc. No. 31], and several Defendants have moved to strike Plaintiff's Third Amended Complaint. [Doc. Nos. 46, 47, 49, 51, 63]. Plaintiff has not responded to any of the Defendants' motions, despite filing several motions himself [Doc. Nos. 24, 38, 58], including a Motion for Default Judgment [Doc. No. 58]. Defendant McAlester Regional Health Center has separately moved to strike Plaintiff's "Notice of Conspiracy to Commit Murder" [Doc. No. 48], as an improper attempt to amend his complaint.

---

[1] Defendant Board of Pittsburg County Commissioners was dismissed from this case on December 8, 2014.

[Doc. No. 59]. In all, sixteen motions are now ripe for review by this Court.

## II. DEFENDANTS' MOTIONS TO STRIKE

The Court will first address the pending Motions to Strike Plaintiff's Second and Third Amended Complaints and Notice of Conspiracy to Commit Murder.

### A. Second and Third Amended Complaints [Doc Nos. 26 & 45]

Defendant Brendan McHugh asks this Court to strike Plaintiff's Second Amended Complaint. [Doc. No. 31]. Defendants Pittsburg County Sheriff's Department, City of Haileyville, Ronnie Steudeman, McAlester Regional Health Center, Brendan McHugh, Tim Maxcey, and Stipe Law Firm request that this Court strike Plaintiff's Third Amended Complaint. [Doc. Nos. 46, 47, 49, 51, 63].

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may, with certain restrictions, amend its pleading once as a matter of course. Plaintiff did timely amend his complaint under this rule on August 21, 2014. Subsequent amendments to a pleading, however, require either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

In this case, Plaintiff has failed to obtain written consent or seek the Court's leave to file the Second and Third Amended Complaints. Moreover, Plaintiff has had ample notice of these procedural requirements, in light of the numerous Motions to Strike, yet has not attempted to comply with the rules. The Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation marks omitted).

In light of Plaintiff's utter disregard for the procedural rules of this Court, Plaintiff's Second Amended Complaint [Doc. No. 26] and Third Amended Complaint [Doc. No. 45] are

hereby stricken. Correspondingly, the Court grants the Motions to Strike the Second and Third Amended Complaints [Doc. Nos. 31, 46, 47, 49, 51, 63]. Further, the Court dismisses Defendant Brendan McHugh from this action, as there are no remaining claims against him. Finally, Allan E. Mitchell and The Harrison Law Firm's Motion to Dismiss the Third Amended Complaint [Doc. No. 50] is rendered moot and therefore denied.

### B. Notice of Conspiracy to Commit Murder [Doc. No. 48]

Defendant McAlester Regional Health Center ("MRHC") separately asks this Court to strike Plaintiff's Notice of Conspiracy to Commit Murder ("Notice"). MRHC argues that the Notice should be construed as a new civil claim against MRHC, which Plaintiff has improperly submitted as an amended pleading. As Plaintiff did not obtain leave of Court or written consent to submit an amended pleading, MRHC argues, the Notice should be stricken.

Because Plaintiff did not challenge MRHC's characterization of the Notice as an amended pleading, the Court will construe it as such. As with the Second and Third Amended Complaints, the Court will strike the Notice [Doc. No. 48] for failure to obtain leave of court or written consent to file it. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, MRHC's Motion to Strike [Doc. No. 59] is granted.

## III. DEFENDANTS' MOTIONS TO DISMISS

The Court will next address the Motions to Dismiss filed by eight of the appearing Defendants [Doc. Nos. 29, 34, 36, 37, 42, 50].[2] For purposes of evaluating the Motions to Dismiss, the Court limits its analysis to the allegations of the First Amended Complaint, having stricken Plaintiff's later-filed pleadings.[3]

---

[2] Defendant Brendan McHugh did not file a Motion to Dismiss but is separately dismissed pursuant to the Court's order striking the Second and Third Amended Complaints.
[3] Because the First Amended Complaint is now the operative complaint, the Court will not address the allegations of

A.  **Summary of Plaintiff's Factual Allegations**

The Court notes that the allegations contained in the First Amended Complaint are nearly incomprehensible. However, construing Plaintiff's allegations liberally, it appears that Plaintiff makes the following allegations against the Defendants:

In the First Amended Complaint [Doc. No. 8], Plaintiff names thirteen Defendants: City of Haileyville, Ronnie Steudeman, Board of Pittsburg County Commissioner's Office, Pittsburg County Sheriff's Department, District Attorney Jim Bob Miller, Judge Bill Laden, James Bland, The Harrison Law Firm, Allen E. Mitchell, Tim Maxcey, Stipe Law Firm, McAlester Regional Health Center, and City of Hartshorne. The First Amended Complaint contains stream-of-consciousness allegations, including allegations concerning failure to mow his property, the selling of "millions of dollars" of property in violation of the U.S. Constitution, the expenditure of money on a "sewer" line, individuals' breaking into his gun shop, and the existence of an "organized crime family." [*Id.*]. Plaintiff also attaches 115 pages of documents to the First Amended Complaint, including letters, medical records, police reports, newspaper clippings, photographs, and filings from other lawsuits. [*Id.* at Ex. 1].

Most specifically with respect to the named Defendants, Plaintiff alleges that the City of Haileyville ("Haileyville") has used his land for public use but has not "paid [him] a dime" and is conspiring with others to steal Plaintiff's property. [*Id.* at 2]. Plaintiff also alleges that the Haileyville Police Department refused to provide him with police reports that he requested in regard to a break-in at Plaintiff's gun shop. [*Id.* at 3, 5]. Plaintiff alleges that Ronnie Steudeman ("Steudeman") and other Haileyville police officers trespassed at Plaintiff's gun shop on

---

the original Complaint. It is well established that an amended complaint automatically supersedes the prior operative complaint, which thereafter is treated as non-existent. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

December 26, 2012. [*Id.*]. Plaintiff attaches the last page of the original Complaint to his First Amended Complaint, which includes a count of "trespass" against Steudeman for intentionally entering Plaintiff's property without permission or legal justification. [*Id.* at 7].

Plaintiff also alleges that "Judge Brand" and "Judge Layden" both committed perjury in relation to a domestic violence complaint against Plaintiff, and that Judge Layden would not give Plaintiff a protection order. [*Id.* at 5]. He alleges that "Mr. Mitchell" filed false charges against Plaintiff for threats made over the phone and "DA Jim Bob Miller" falsely charged Plaintiff and had him arrested. [*Id.*]. Plaintiff further alleges that the Sheriff's Department and MRHC conspired not to treat him at the hospital. [*Id.* at 6]. Finally, Plaintiff alleges that all Defendants are engaged in a conspiracy as part of an "organized crime family" and are trying to punish him for taking them to court in 2000. [*Id.*].

### B. Legal Standards – Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a plaintiff's complaint when it "fail[s] to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citing *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### C. Discussion

#### 1. Haileyville and Studeman

Defendants Haileyville and Steudeman move to dismiss the allegations against them pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 29]. Plaintiff appears to make the following claims against Haileyville: (1) taking of land without just compensation; (2) an Oklahoma Open Records Act violation for failing to turn over police reports, and (3) involvement in an organized crime conspiracy. Plaintiff appears to make the following claims against Studeman: (1) trespass on Plaintiff's property; and (2) involvement in an organized crime conspiracy.

##### a) Fifth Amendment Takings Claim – Haileyville

Plaintiff claims that Haileyville violated his Fifth Amendment rights, alleging that "Haileyville has used my property for public use and hasn't paid me a dime." [*Id.*]. Plaintiff adds, "And we built 270 Hwy on your property." [*Id.*]. Plaintiff separately alleges that Haileyville took "1/2 million dollars of stuff for use without any compensation." [*Id.* at 6]. The Fifth Amendment to the U.S. Constitution prohibits the taking of private property for public use

7

without payment of just compensation. To determine whether the state has violated the Fifth Amendment, "the aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss." *Miller v. Campbell Cty.*, 945 F.2d 348, 352 (10th Cir. 1991).

Haileyville argues that Plaintiff has failed to articulate a plausible claim that a taking occurred. The Court agrees. Plaintiff fails to describe what property was allegedly taken, how or his property was taken for "public use," or when the alleged taking occurred. It is entirely unclear whether Plaintiff's reference to building "270 Hwy" on "your property" relates to the alleged taking. Moreover, Plaintiff has not established standing to assert a takings claim with respect to the "1/2 million dollars of stuff," as he does not allege that the "stuff" belonged to him. Accordingly, Plaintiff's takings claim is dismissed.

### b) Oklahoma Open Records Act Claim – Haileyville

Plaintiff claims that he requested copies of police reports from the Haileyville Police Department but was refused. [Doc. No. 8 at 3, 5]. The Oklahoma Open Records Act, OKLA. STAT. tit. 51 § 24A.8(A), requires law enforcement to make certain records available to the public. However, not all law enforcement records are publicly available. Under OKLA. STAT. tit. 51 § 24A.8(B), law enforcement agencies may deny access to law enforcement records that are not enumerated in subsection (A), "except where a court finds that the public interest or the interest of an individual outweighs the reason for denial."

Haileyville argues that Plaintiff's allegations are not sufficiently specific for Haileyville to admit, deny, or even assess. Again, the Court agrees. Plaintiff does not allege what specific reports he requested, when he requested such reports, or to whom he made the request. Plaintiff's broad, conclusory allegations here fail to state a cognizable claim for violation of the

Open Records Act. Moreover, Plaintiff appears to be seeking money damages as a result of this alleged violation, which is not an available remedy under the Open Records Act. OKLA. STAT. tit. 51 § 24A.17(B) (civil remedy for denial of access to records limited to declarative and/or injunctive relief). Therefore, this claim is dismissed.

### c) Conspiracy Claim – Haileyville and Steudeman

Likewise, Plaintiff fails to allege a sufficient factual basis upon which relief can be granted with respect to his "conspiracy" claim. In Oklahoma, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. . . . In order to be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Gaylord Entm't Co. v. Thompson,* 958 P.2d 128, 148 (Okla. 1998). A civil conspiracy claim must "allege specific facts showing an agreement and concerted action amongst the defendants," and "the manner in which the conspiracy operated." *Montgomery v. City of Ardmore,* 365 F.3d 926, 940 (10th Cir.2004).

In the First Amended Complaint, Plaintiff states, "conspiracy – organized crime family. [A]ll the defendants are in the crime family are [sic] trying to punish me for taking them to court in 2000." [Doc. No. 8 at 6]. Plaintiff then alleges that there has been no one "to inforce [sic] the laws and regulations, and have stole [sic] over $50,000 worth of stuff," and further alleges a cover-up. [*Id.*]. Plaintiff's conspiracy allegations are entirely vague and conclusory. Plaintiff does not allege any specific facts evincing an agreement among the various defendants. Further, Plaintiff does not specify what unlawful acts Haileyville or Steudeman (or any of the Defendants) conspired to do or how their attempt to "punish" Plaintiff constituted an unlawful act. Plaintiff alleges no link between the alleged conspiracy and the alleged theft of "stuff." Accordingly, the conspiracy claim against Haileyville and Steudeman is dismissed.

### d) Trespass Claim – Steudeman

Plaintiff claims that Steudeman trespassed at Plaintiff's gun shop on December 26, 2012, following a break-in. [Doc. No. 8 at 3]. Plaintiff alleges that on that date, a friend called him to report that someone was in his gun shop, and when he arrived, three Haileyville police officers, including Steudeman, "were in my gun shop, they told me that someone had broke in." [*Id.*]. In Oklahoma, an action for trespass exists where there has been an unauthorized actual physical invasion of the property of another. *Lawmaster v. Ward*, 125 F.3d 1341, 1352 (10th Cir. 1997). However, no action for trespass can lie against law enforcement officers who enter property with the proper legal authority to do so. *Id.* (citing *Brinlee v. State*, 403 P.2d 253, 256 (Okla. Crim. App. 1965)). It is apparent from Plaintiff's pleading that Steudeman was at Plaintiff's gun shop on December 26, 2012, in response to a report of a break-in. Accordingly, Plaintiff fails to state a claim for trespass against Steudeman.

Moreover, as Steudeman points out, Plaintiff has failed to allege that he complied with the provisions of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51 § 151 ("OGTCA") with respect to his trespass claim. Specifically, Plaintiff has not alleged that Steudeman was acting outside the scope of his employment when he allegedly trespassed on Plaintiff's property. Employees of a municipality are not proper defendants where they are acting within the scope of their employment. OKLA. STAT. tit. 51 § 163(C); *Parker v. City of Midwest City*, 850 P.2d 1065, 1066 n.1 (Okla. 1993). Therefore, Plaintiff's claim for trespass is dismissed.

### 2. McAlester Regional Health Center

Defendant MRHC moves to dismiss the allegations against it pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 36]. MRHC also seeks dismissal for Plaintiff's failure to

timely serve the First Amended Complaint on it.

### a) Failure to State a Claim

Plaintiff lists MRHC as a defendant and claims that MRHC was part of the "crime family" engaged in a conspiracy. [Doc. No. 8 at 6]. Plaintiff further alleges as part of the "conspiracy" claim that the Sheriff's Department told MRHC not to treat Plaintiff and that he has "copys [sic] of all this from Hospitol [sic] not treating me." [*Id.*].

As discussed above with respect to Haileyville and Steudeman, Plaintiff does not state a plausible claim for "conspiracy" with respect to MRHC. Plaintiff does not state MRHC's specific involvement in any conspiracy or what unlawful act MRHC conspired to do. Plaintiff does not state when he was refused treatment by MRHC, who refused him treatment, or what treatable conditions were involved. Plaintiff also does not explain how MRHC's alleged failure to treat him violated any cognizable right or caused him any injury. Plaintiff's vague allegations do not rise above the speculative level. Accordingly, Plaintiff's claims against MRHC are dismissed for failure to state any cognizable claim.[4]

### b) Insufficient Process and Insufficient Service of Process

MRHC argues that Plaintiff's claims are separately subject to dismissal under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for failure to properly serve MRHC with a summons and complaint within 120 days after the complaint was filed, as required by Fed. R. Civ. P. 4(m).

First, the record reflects that the purported summons with respect to MRHC is invalid as it does not comport with Fed. R. Civ. P. 4(b), which provides that the summons must be signed

---

[4] Moreover, as MRHC points out, it appears that MRHC is a public trust hospital that enjoys qualified immunity under the OGTCA. OKLA. STAT. tit. 51 §§ 153(B); 152(11). Plaintiff has not alleged that he complied with the notice requirements of the OGTCA, and MRHC states, without challenge, that it never received such notice. Accordingly, Plaintiff's claim is also likely subject to dismissal for failure to comply with the OGTCA. OKLA. STAT. tit. 51 § 156; *Hathaway v. State ex rel. Med. Research & Tech. Auth., et al.*, 49 P.3d 740, 742-44 (Okla. 2002).

and issued by the court clerk. Here, the purported summons filed by Plaintiff was signed only by Plaintiff himself. [Doc. 38-1 at 3]. Therefore, no summons was ever served on MRHC.

Second, the proof of service shows that MRHC was served with a "summons" and a "docket sheet" but no copy of the complaint. [Doc. No. 38-1 at 2]. Fed. R. Civ. P. 4(c)(1) provides that a defendant must be served with both a summons and a copy of the complaint. Accordingly, MRHC was provided with insufficient process.

Third, the record indicates that the service of the "summons" and docket sheet was made more than 120 days after MRHC was first named as a defendant on August 21, 2014. The proof of service shows that MRHC was served on December 31, 2014, or 132 days after the filing of the First Amended Complaint. [Doc. No. 38-1 at 2]. Plaintiff has not responded to MRHC's Motion to Dismiss with any reasons for the delay in attempted service. Accordingly, the attempted service was delayed without excuse.

For all of the foregoing reasons, Plaintiff's attempted service of process was insufficient and MRHC is separately entitled to dismissal pursuant to Fed.R.Civ.P. Rule 12(b)(4) and Rule 12(b)(5).

3. **Pittsburg County Sheriff's Department**

Defendant Pittsburg County Sheriff's Department (the "Sheriff's Department") moves to dismiss the allegations against it pursuant to Federal Rule of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). [Doc. No. 42].

a) **Failure to State a Claim**

Plaintiff claims that the Sheriff's Department is part of the "crime family" engaged in a conspiracy. [Doc. No. 8 at 6]. Plaintiff further alleges that the Sheriff's Department "is covering up all these crimes from their crime family." [Doc. No. 8 at 6]. "All these crimes" appears to

12

refer to theft of "over $50,000.00 worth of stuff" and taking "1/2 million dollars of stuff for use without any compensation." [*Id.*] Plaintiff further alleges that the Sheriff's Department "has told the Hospitol [sic] not to treat me."

First, the Sheriff's Department contends that it is not a proper entity subject to suit under Oklahoma law, which governs the defendant's capacity to be sued. Fed. R. Civ. P. 17(b)(3). The right to sue a county in Oklahoma is statutory, and the mode prescribed by statute for prosecuting actions against a county must be strictly followed. *Smith v. State*, 13 Okla. Crim. 619, 166 P. 463 (1917). The statutory procedure for naming a county as a defendant is found at OKLA. STAT. tit. 19 § 4, which provides, "In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____.'" The Supreme Court of Oklahoma has stated that "[t]his statute is mandatory, and requires that all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioners of the county of interest." *Green Constr. Co. v. Okla. County*, 50 P.2d 625, 627 (Okla. 1935).

In this action, Plaintiff has named the "Pittsburg County Sheriff's Department" as a defendant. Under the applicable Oklahoma statute, the "Pittsburg County Sheriff's Department" is not a properly named defendant. Accordingly, the Sheriff's Department is entitled to dismissal from this action.

Second, even if the Sheriff's Department were a properly named party to this suit, Plaintiff fails to state a cognizable claim against it. As explained above with respect to other Defendants, Plaintiff fails to state sufficient facts to support his vague "conspiracy" claim. Plaintiff does not allege any specific facts evincing an agreement among the various defendants nor does he specify what unlawful acts the Sheriff's Department conspired to do. Plaintiff also

13

does not explain how or when the Sheriff's Department allegedly covered up "all these crimes" or how Plaintiff was personally injured by the alleged theft and taking of unspecified property. Finally, Plaintiff fails to state any facts surrounding the Sheriff's Department's instructing "the Hospitol not to treat me." Plaintiff's vague, conclusory allegations against the Sheriff's Department do not state any facially plausible claim for relief under 42 U.S.C. § 1983 or any other law and therefore must be dismissed.

### b) Insufficient Process and Insufficient Service of Process

The Sheriff's Department argues that Plaintiff's claims are separately subject to dismissal under Fed. R. Civ. P. Rule 12(b)(4) and 12(b)(5) for failure to properly serve the Sheriff's Department with a summons and complaint within 120 days after the complaint was filed, as required by Fed. R. Civ. P. Rule 4(m).

First, the record reflects that, as with MRHC, the purported summons with respect to the Sheriff's Department is invalid under Rule 4(b), because the purported summons was signed only by Plaintiff, not the court clerk. [Doc. 38-1 at 14]. Second, the Sheriff's Department states that it never received a copy of any complaint in this action, receiving only the "summons" and a partial copy of the docket sheet for this case, a statement to which Plaintiff has not objected. Accordingly, the Court finds that the Sheriff's Department was provided with insufficient process. Third, the record indicates that Plaintiff did not attempt to serve the Sheriff's Department until January 12, 2015, which is 144 days after the filing of the First Amended Complaint. [Doc. No. 38-1 at 27]. Plaintiff has not responded to the Sheriff Department's Motion to Dismiss with any reasons as to why the attempted service was delayed. Accordingly, the attempted service was delayed without excuse.

For all of the foregoing reasons, Plaintiff's attempted service of process was insufficient

and the Sheriff's Department is separately entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

        4.      **Allan E. Mitchell, Harrison Law Firm, Tim Maxcey, and Stipe Law Firm**

Defendants Allan E. Mitchell ("Mitchell"), The Harrison Law Firm, P.L.L.C. ("Harrison"), Tim Maxcey ("Maxcey"), and Stipe Law Firm ("Stipe") also move to dismiss the allegations against them pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. Nos. 34, 37].

The First Amended Complaint names Mitchell, Harrison, Maxcey, and Stipe as defendants but does not otherwise reference Harrison, Maxcey, or Stipe. Plaintiff alleges that "Mr. Mitchell filled [sic] false charges against me saying I threatened them over the phone." [Doc. No. 8 at 5]. Plaintiff also lumps these four Defendants into the "crime family" engaged in a conspiracy. [*Id.* at 6].

As discussed above, the "conspiracy" claim is fatally deficient because, *inter alia*, it fails to state when the alleged conspiracy took place or what unlawful act any of the defendants "conspired" to do. The "false charges" allegation against Mitchell is also deficient, because Plaintiff does not explain how the charges filed against him were false or improper, nor does he describe when it occurred.[5] Accordingly, Plaintiff's claims against Mitchell, Harrison, Maxcey, and Stipe are dismissed for failure to state any cognizable claim.

---

[5] As Mitchell and Harrison point out, Plaintiff's "false charges" claim is likely referring to an incident that occurred no later than September 2010. [*See* Doc. No. 8-2 at 13-19 (handwritten document signed by Plaintiff and dated September 7, 2010, referring to "false charges" filed by Mitchell)]. If this is the case, then Plaintiff's claim regarding the filing of false criminal charges is barred by the one-year statute of limitations for such a claim. *See* OKLA. STAT. tit. 12 § 95(4). Plaintiff's statements indicate the claim accrued no later than September 2010, nearly four years prior to his filing the First Amended Complaint. Therefore, the "false charges" claim against Mitchell appears to be time barred.

## IV.    REMAINING DEFENDANTS

Four other named Defendants have not entered an appearance in this case—Jim Bob Miller, Bill Laden, James Bland, and City of Hartshorne (the "Non-Appearing Defendants"). All of these defendants were first named in the First Amended Complaint, which Plaintiff filed on August 21, 2014. Because it is clear from the record that these defendants were never properly served in this action, and Plaintiff has had ample notice of the deficiencies in his attempts at service, the Court dismisses the Non-Appearing Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Rule 4(c)(1) requires that when serving process, a copy of the complaint and the summons must be served on the Defendant. Federal Rule of Civil Procedure 4(b) requires that any summons be issued by the court clerk. Rule 4(m) requires that a defendant be served with that summons and complaint within 120 days after the action is filed.

The First Amended Complaint was filed on August 21, 2014. Plaintiff has had well over 120 days to serve each of the Defendants in this action, yet Plaintiff has provided no proof to the Court that any of the four Non-Appearing Defendants were served with the summons and complaint as of this date. Plaintiff's proffered evidence of service on the Non-Appearing Defendants [*see, e.g.*, Doc. No. 38-1] provides insufficient proof of service. In particular, the purported summonses with respect to the Non-Appearing Defendants (and indeed, all Defendants) were not issued by the court clerk but were signed only by Plaintiff. [Doc. No. 38-1, at 9, 10, 15, 16]. Further, Plaintiff has submitted no server's affidavits with respect to the Non-Appearing Defendants, as required by Rule 4(l)(1).

Plaintiff has had ample notice of the requirements of Rule 4, given that a number of Defendants have sought to dismiss this action for failure to properly serve them with the

summons and complaint. Accordingly, this action is dismissed pursuant to Rule 4(m) with respect to the Non-Appearing Defendants.

V.      PLAINTIFF'S MOTIONS

Lastly, the Court will address Plaintiff's pending motions: (1) Motion for Relief [Doc. No. 24]; (2) Motion for Ruling [Doc. No. 38]; and (3) Motion for Default Judgment [Doc. No. 58].

On December 8, 2014, Plaintiff filed a handwritten document asking the Court to "make the defendants respond to the Court." [Doc. No. 24 at 1]. Plaintiff stated that only one defendant, Board of Pittsburg County Commissioners, had responded as of that date, even though he had served all Defendants. [*Id.*]. Plaintiff also requested that the Court ask for a Grand Jury investigation into the alleged conduct. [*Id.*] Plaintiff attached signed Certified Mail returns with respect to the City of Hartshorne, Haileyville, and others. [*Id.* at 5-6].

On January 27, 2015, Plaintiff filed another handwritten document asking the Court to "make a ruling why the defendant's to not responding [sic] to the summons." [Doc. No. 38 at 1]. Plaintiff also asked the Court "to make my ex-attorney give me all my paperwork." [*Id.* at 3]. Plaintiff attached various service-related documents [Doc. No. 38-1], which are discussed above in greater detail. On February 10, 2015, Haileyville and Steudeman responded to Plaintiff's motion arguing, *inter alia*, that Plaintiff failed to establish that proper service was administered on either of them and that they timely filed their Motion to Dismiss after Haileyville received a summons and docket sheet on December 31, 2014. [Doc. No. 43]. On February 18, 2015, Plaintiff filed a handwritten reply, which argued essentially that Haileyville and Steudeman were lying to the Court. [Doc. No. 44].

Finally, on April 20, 2015, Plaintiff filed a one-page Motion for Default Judgment. [Doc.

17

No. 58]. Plaintiff's motion does not identify any particular Defendant and appears to be copied from another action, as it refers to events that have no bearing on this case. Defendants Harrison, Mitchell, Stipe, Maxcey, Sheriff's Department, Haileyville, Steudeman, and MRHC opposed Plaintiff's motion. [Doc. Nos. 62, 64, 66, 67, 68].

As discussed above, Plaintiff has never provided proper proof of service to the Court as to any named Defendant. It is Plaintiff's burden to establish that he properly served each Defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Moreover, the record shows that all appearing Defendants have filed responsive motions to Plaintiff's pleadings. Plaintiff has not demonstrated that the harsh sanction of default judgment is warranted against any of the Defendants. The other relief requested by Plaintiff is not available in this action. Accordingly, Plaintiff's Motion for Relief [Doc. No. 24], Motion for Court Ruling [Doc. No. 38], and Motion for Default Judgment [Doc. No. 58] are all denied.

## VI. CONCLUSION

For the reasons outlined above, the Court concludes that dismissal of this action as to all Defendants is warranted. It is obvious that Plaintiff cannot prevail on the facts that he has alleged and it would be futile to give him an opportunity to amend. *See Johnson v. Johnson*, 466 F.3d 1213, 1214-15 (10th Cir. 2006).

Accordingly, the Court rules as follows:

1. Defendant Brendan M. McHugh's Motion to Strike the Second Amended Complaint [Doc. No. 31] is **GRANTED**

2. The Motions to Strike Plaintiff's Third Amended Complaint [Doc. Nos. 46, 47, 49, 51, 63] are **GRANTED**

18

3. Defendants Harrison Law Firm and Allen E. Mitchell's Motion to Dismiss the Third Amended Complaint [Doc. No. 50] is **DENIED AS MOOT**

4. Defendant McAlester Regional Health Center's Motion to Strike Plaintiff's Notice of Conspiracy to Commit Murder [Doc. No. 59] is **GRANTED**

5. The Motions to Dismiss filed by Defendants City of Haileyville and Ronnie Steudeman [Doc. No. 29]; Defendants Harrison Law Firm and Allen E. Mitchell [Doc. No. 34]; Defendant McAlester Regional Health Center [Doc. No. 36]; Defendants Tim Maxcey and Stipe Law Firm [Doc. No. 37]; and Defendant Pittsburg County Sheriff's Department [Doc. No. 42] are **GRANTED**

6. Plaintiff's Motion for Relief [Doc. No. 24], Motion for Court Ruling [Doc. No. 38], and Motion for Default Judgment [Doc. No. 58] are **DENIED**

7. Plaintiff's action is **DISMISSED WITH PREJUDICE** as to all Defendants.

**IT IS SO ORDERED** this 12th day of August, 2015.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma